UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LOCAL 888, UNITED FOOD AND
COMMERCIAL WORKERS,

              Petitioner,

-against-

L.A.S. REPLACEMENT PARTS, INC.,

              Respondent.
------------------------------------------------------------x

JUDGE KARAS

Case No. 08 CIV 4982

PETITION TO CONFIRM
ARBITRATOR'S AWARD

Petitioner, LOCAL 888, UNITED FOOD AND COMMERCIAL WORKERS, by its attorneys, O'Connor and Mangan, P.C., as and for its petition against the respondent L.A.S. REPLACEMENT PARTS, INC., respectfully alleges as follows:

### Nature of Proceeding

1. This action is brought by Local 888, United Food and Commercial Workers (hereinafter "Union" or "Local 888") for an Order and Judgment of this Court, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §9, confirming and enforcing the arbitration award ("Award") of Theodore M. Simon ("Arbitrator") dated June 26, 2007.

2. In addition, the action is brought by the Union for breach of contract, pursuant to Section 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. §185, to secure performance by the Respondent, L.A.S. Replacement Parts, Inc. (hereinafter "Employer") of its obligation to abide by and comply with the Award.

### Jurisdiction and Venue

3. This Court has jurisdiction to confirm and enforce the Award under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a), and Section 9 of the FAA, 9 U.S.C. §9.

1

4. Venue lies within this district pursuant to the provisions of 29 USC § 185(a).

**Parties**

5. Petitioner, Local 888, is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), with its principal place of business at 6 Gramatan Avenue, Mount Vernon, New York, County of Westchester, 10550.

6. Upon information and belief, the Respondent Employer is a corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business and office located at 1645 Webster Avenue, New York, New York, County of Bronx, 10457.

**First Prayer For Relief**

7. Petitioner repeats and realleges each and every allegation contained in paragraphs 1 through 6 of this Complaint as if fully set forth at length herein.

8. At all times relevant to this petition, the Union and the Employer were parties to a collective bargaining agreement ("CBA") covering the terms and conditions of the unit employees for the period February 1, 2004, through January 31, 2007. Pursuant to Article 20 of the CBA, any complaints, disputes, controversies or grievances arising under or in connection with the or relating to the application or interpretation of the terms or provisions of the CBA, which shall not have been adjusted in ten (10) days, shall be submitted for arbitration to an arbitrator to hear and determine the dispute.

9. Article 20 of the CBA also provides that the decision of the arbitrator shall be final and binding upon the parties.

10. A dispute arose concerning the layoff of Alan Harris on November 3, 2006.

11. The Union submitted this dispute ("Grievance") to the New York State Employment Relations Board by serving a notice of Intention to Arbitrate and by letter to the New York State Employment Relations Board, both dated February 16, 2007.

12. Mr. Theodore M. Simon ("Arbitrator") was chosen as the arbitrator and a hearing was held before him on May 24, 2007, at the offices of the New York Employment Relations Board.

13. Both the Union and LAS appeared before the arbitrator and were represented by counsel.

14. The Arbitrator issued an award dated June 26, 2007, which award was delivered to counsel for the parties on or about June 26, 2007.

15. The Award provided that Alan Harris be reinstated to full-time employment, and be made whole by payment of back pay plus all contractual benefits.

16. LAS has refused and continues to refuse to pay Alan Harris' back pay and benefits through the date upon which reinstatement was finally offered by LAS to Mr. Harris and waived by him.

17. The Union brings this action within one (1) year of the award.

18. The Union has not previously made an application before this or any other court for the same or similar relief.

WHEREFORE, the Petitioner prays that this Court enter an Order and Judgment confirming and enforcing the Award; granting Alan Harris back pay and benefits as provided by the said Award; awarding Petitioner reasonable attorneys fees and the costs and disbursements of

this action; and for such other and further relief as the Court may deem just or proper.

Dated: New Rochelle, New York
      April 26, 2008

                                      O'Connor & Mangan, P.C.

By: *[signature]*
      Bryan C. McCarthy (BM-8495)
Attorneys for Petitioner
271 North Avenue, Suite 610
New Rochelle, New York 10801
(914) 576-7630

Case 7:08-cv-04982-KMK    Document 1    Filed 05/30/2008    Page 5 of 5